# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cr-128-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| BRIT ALZONIA MCCULLUM ) | |

**THIS MATTER** is before the Court upon Defendant's Motion for Reconsideration of Motion to Suppress in light of Arizona v. Gant, 129 S. Ct. 1710 (2009). (Doc. No. 49). The Court has also considered the Government's response to the Motion (Doc. No. 50) and Defendant's reply brief (Doc. No. 51). For the reasons set forth, Defendant's Motion is **DENIED**.

During a hearing on November 27, 2007, the Court made its findings of fact and denied Defendant's Motion to Suppress the $2,734 found on Defendant and other items found in a vehicle Defendant was driving, including a 31-round banana clip, a 9mm Glock handgun, additional rounds of ammunition, and marijuana. (Doc. No. 47). Defendant has not raised any specific objections to the previous findings of fact, and the Court finds no reason to deviate from those findings and incorporates them as if fully set forth herein. In sum, the Court found that Charlotte-Mecklenburg Police Officer Joshua Van Almen had at least reasonable suspicion to follow a stolen pickup truck to the parking lot where the Officer encountered one individual fleeing on foot and Defendant. The Court determined that the search of Defendant's person and seizure of $2,734 was lawful based on the fact that the Officer saw Defendant aggressively and forcibly back up using another vehicle in

the parking lot, refused to obey the Officer's request to stop, and attempted to flee on foot. Based on the totality of the circumstances, the Court ruled that the Officer had probable cause to search Defendant's car trunk, considering the large amount of cash found on Defendant, the fact that Defendant fled, the Defendant was in a high-crime area, and the on-going investigation of the stolen pickup truck. Upon finding the 31-round banana clip and marijuana in the trunk, in combination with the other evidence, the Court determined the Officer had probable cause to open the glove compartment, where the Officer found and lawfully seized the 9mm Glock and additional rounds of ammunition. In addition to the existence of probable cause, the Court found that the policy of the Charlotte-Mecklenburg Police Department would have directed an inventory search of the vehicle, and that would have led to the inevitable discovery of the evidence.

At trial, Defendant was found guilty of possession of a firearm by a convicted felon, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug-trafficking crime. While Defendant was awaiting sentencing, the United States Supreme Court rendered its decision in Arizona v. Gant, 129 S. Ct. 1710, and Defendant filed a Motion for Reconsideration of its Motion to Suppress in light of Gant.

Gant addressed and clarified the search incident to arrest exception to the Fourth Amendment's warrant requirement, as defined in Chimel v. California, 395 U.S. 752 (1969), and as applied to vehicle searches in New York v. Belton, 453 U.S. 454 (1981). Gant, 129 S. Ct. 1710. In Gant, the Supreme Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 1723. The Court further explained that "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception

to the warrant requirement applies." Id. at 1723-24.

Defendant argues that, based on Gant, the search was unlawful because Defendant was not within reaching distance of the passenger compartments at the time of the search. Defendant further maintains he was arrested for resisting, obstructing and delaying, which was not conduct incident to the search of the vehicle. While the Court recognizes that Gant may share some similarities to the present case, the search here was not based upon a search incident to arrest. Instead, the Court found that the search conducted by the Officer was lawful based on probable cause. (Doc. No. 47) Gant even reaffirmed that "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, [the automobile exception] authorizes a search of any area of the vehicle in which the evidence might be found." Id. at 1721 (citing United States v. Ross, 456 U.S. 798, 820-21 (1982)); see also United States v. Washington, 2009 WL 2196860, at *2 (4th Cir. 2009) (unpublished); United States v. Arriaza, 2009 WL 2013650, at *6 (E.D. Va. July 9, 2009). The Court in Gant further noted that, as compared to the search incident to arrest exception, the automobile exception "allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." Gant at 1721; see also Arriaza, 2009 WL 2013650, at *6. Considering this, the Court concludes that Gant does not change its previous disposition of the suppression issue.

In light of Gant, Defendant also asks the Court to reconsider its conclusion that, in addition to the existence of probable cause, the evidence would have been discovered inevitably during an inventory search of the vehicle. However, as many other courts have recognized, Gant appears only to limit the search incident to arrest exception. See Arriaza, 2009 WL 2013650, at *6; United States v. Sinclair, 2009 WL 1393438, at *5 n.2 (D.S.C. May 18, 2009); United States v. Cowart, 2009 WL 1588647, at *10 (W.D. Tenn. June 5, 2009). Since Gant does not speak directly to limiting inventory

searches or inevitable discovery, the Court concludes that <u>Gant</u> does not impact the Court's previous ruling on the Motion to Suppress.

**IT IS, THEREFORE, ORDERED** that Defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to Defendant, counsel for Defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: October 5, 2009

Frank D. Whitney
United States District Judge